ALBANY,
Feb. 1824

MOREY *against* SHEARER.

THE SAME *against* THE SAME

Morey
v.
Shearer.

JUDGMENTS for the plaintiff, on confession by bond and warrant of attorney.

C. F. *Ingalls & J. Crary*, moved to set aside both judgments, on the ground that the bonds and warrants on which they were entered were usurious.

*I. Williams & A. Van Vechten*, contra.

The motion was heard upon lengthy affidavits, for and against the usury, containing facts which it is not necessary to state.

*The Court*, being clearly of opinion that no usury was made out in the bond and warrant upon which the judgment in the second cause was entered, denied any farther proceedings as to this. But it appearing to be doubtful whether the bond and warrant of attorney, on which the judgment in the first cause was entered, were or were not usurious, they directed an issue to try the question.

Rule accordingly.

On moving to set aside a judgment by confession, on bond and warrant of attorney, for usury, it appearing from the affidavits to be doubtful whether the allegation of usury was true or not, the court directed a feigned issue to try the fact.
Form of the rule.

NOTE. The rule was drawn up by Mr. *A. Van Vechten*, one of the plaintiff's counsel, and was entered as follows :

" *Lewis Shearer*
    ads.
*William Morey.*
*The Same*
    ads.
*The Same.*
On motion of Mr. *C. F. Ingalls*, attorney for the defendant in the above two causes, and on reading the affidavits as well on the part of the defendant, in support of the motion, as on the part of the plaintiff, in opposition thereto, it is ORDERED, that the defendant's attorney prepare the draft of a feigned issue to try the question, whether the bond and warrant of attorney, on which the plaintiff's first judgment is entered, are usurious; and

ALBANY,
Feb. 1824.

Morey
v.
Shearer.

that the draft of such issue be served upon the plaintiff's at-torney, within 8 days after obtaining a certified copy of this rule, who shall have leave to propose and serve amend-ments, within 6 days thereafter ; and if the said attorneys cannot settle the terms and form of such issue, it shall be the duty of the defendant's attorney to give 8 days notice to the plaintiff's attorney, that he will apply to one of the Judges of this Court, at a certain time and place to be specified in such notice, to have the terms and form of said issue settled : and it is further ordered, that the said issue be tried at the next Washington Circuit, and that the residue of the motion on the part of the defendant in the above causes be denied with costs."

At another day the rule was so modified by the Court, on motion of Mr. *Crary*, one of the counsel for the defen-dant, as to embrace the question of payment upon one of the judgments ; and as this alteration was made at a late day in term, the Court enlarged the time of making up the issue.(*a*)

(*a*) As the practice in conducting these feigned issues may not be per-fectly familiar to the profession, though a knowledge of it is often impor-tant, I have given below the forms of the rules and record as they were drawn up in *Filkins* v. *Brockway*, which was an issue to try the validity of a judgment, upon an allegation of fraud by a junior judgment creditor.

RULE for the issue :

*German G. Filkins*
v. } 16th January, 1823.
*Ephraim Brockway.*
——————
*Artemas Brockway* } *S. B. Ludlow*, Att'y.
v.
*The Same.* } A motion having been made by German G. Fil-kins for a feigned issue to try the validity of the judgment in the second above entitled suit, on filing several affidavits on the part of the said German G. Filkins, and also on the part of said Artemas Brockway, and on motion of Mr. L. Mitchell of counsel for said German G. Filkins, order-ed, that a feigned issue be granted to try the validity of the judgment of Artemas Brockway against Ephraim Brockway, mentioned in said affi-davits, and that all proceedings on the last said judgment be stayed till the further order of this Court, and until after said issue be tried; and further, that the said Artemas do not take any steps in regard to the real or personal estate, bought under said judgment, until the further order of this court ; and further, that the attorney of the said German G. Filkins

prepare the record for the trial of the said issue, laying the venue in Rens-selaer county, and furnish a copy thereof to the attorney of said Artemas Brockway; the said German G. Filkins to be the plaintiff in said record, and the said Artemas Brockway defendant; and if the attorney of the said Artemas Brockway shall object to the form thereof, he shall signify it by notice in writing to the opposite attorney in ten days, and the same shall be settled by a Judge of this Court on a four days notice: and it is fur-ther ordered, that the said issue may be tried at the next Circuit to be held in Rensselaer county; and that on such trial, the said Artemas be, in the first instance, required to prove the consideration of said judgment in his favor, with the particular time and times when and also how the indebted-ness accrued on which said judgment was rendered, the costs to abide the event of the suit.

It seems from the record that the venue was changed, by consent or other-wise, from Rensselaer to Albany.

Nisi Prius Record on the feigned issue.
[*Placita of January term*, 1823. After the memorandum of warrants of attorney, follows the memorandum of bill filed the same January term. Then follows the declaration thus:]

City and county of Albany, ss. German G. Filkins, plaintiff in this suit, complains of Artemas Brockway, defendant in this suit, in custody, &c. of a plea of trespass on the case, for that whereas the said Artemas Brockway, on the 3d day of May, A. D. 1822, at the city of Albany, in the county of Albany aforesaid, by the consideration of the Justices of the said Supreme Court of the state of New York, did obtain and recover a judgment in the said Supreme Court, against one Ephraim Brockway, for the sum of 800 dollars of debt, and 10 dollars costs, which said judgment was recovered and entered on the records of said Supreme Court, on a bond executed by the said Ephraim Brockway to the said Artemas Brockway, bearing date on the said 3d day of May, A. D. 1822, by virtue of a warrant of attorney signed and sealed, and for that purpose executed by the said Ephraim Brockway, and bearing date on the day and year last aforesaid; and where-as also the said German G. Filkins, on the 10th day of May, A. D. 1822, at the city and in the county of New York, and by the consideration of the Justices aforesaid, did obtain a judgment against the said Ephraim Brockway for 472 dollars and 38 cents damages and costs, which said judg-ment last mentioned was duly filed and docketed and entered on the re-cords of said Supreme Court on the day and year last aforesaid, having been recovered and rendered on a verdict for 400 dollars damages and 6 cents costs, obtained by said German G. Filkins, in the month of April, A. D. 1822, against said Ephraim Brockway, in a certain cause tried at the city of Albany aforesaid, at the Circuit Court then and there held in the county of Albany aforesaid, for the trial of issues joined in the said Supreme Court, and which verdict was then and there rendered and given, for and on account of sundry gross trespasses, assaults and batteries and imprisonments of the said German G. Filkins, before then committed and done, by the said Ephraim, at Nassau, to wit, at Albany, in the county aforesaid: and where-

Declaration

as also afterwards, to wit, on the 1st day of December, A. D. 1822, at the city and in the county of Albany aforesaid, a certain discourse was had and moved between the said German G. Filkins and the said Artemas Brockway, of and concerning the judgment aforesaid of the said Artemas Brock-way against the said Ephraim Brockway, and of and concerning the consideration of the bond and warrant of attorney aforesaid, and upon that discourse it was then and there, to wit, on the day and year and at the place last aforesaid, debated between the said German G. Filkins and the said Artemas Brockway, whether any and what consideration was ever and when and where paid to the said Ephraim Brockway by any and what person or persons for the said bond and warrant of attorney and judgment first above mentioned, and whether the said above mentioned bond and warrant of attorney were not fraudulently made and executed by the said Ephraim Brockway to the said Artemas Brockway, and by him accepted of, and whether the said judgment first above mentioned, in favor of the said Artemas Brockway against the said Ephraim Brockway, was not fraudulently entered of record in the said Supreme Court by the said Artemas, in order to defraud the said German G. Filkins, and to prevent the recovery by the said German G. Filkins of the judgment above mentioned, and of the sum mentioned in the verdict above mentioned, in favor of the said German G. Filkins against the said Ephraim Brockway; and thereupon the said German G. Filkins then and there asserted and affirmed that the said bond and warrant of attorney and judgment first above mentioned, were made, executed and created by the said Ephraim Brockway, without consideration, *bona fide* paid or made at the time of such making and execution aforesaid, or at any other time, to the said Ephraim Brockway, for the same, and that the said bond and warrant of attorney were fraudulently made and executed by the said Ephraim Brockway to the said Artemas Brockway, and fraudulently accepted and taken by the said Artemas Brockway, in order to defraud the said German G. Filkins and to prevent the obtaining by the said German G. Filkins of the amount of the verdict aforesaid, and of the judgment above mentioned in favor of the said German G. Filkins against the said Ephraim Brockway; and that the said judgment first above mentioned was fraudulently entered and placed on the records of the said Court by the said Artemas Brockway, in order to defraud the said German G. Filkins, and to prevent the obtaining and collecting by the said German G. Filkins of the amount specified in the verdict aforesaid and in the judgment above mentioned in favor of the said German G. Filkins, against the said Ephraim Brockway, which assertions and affirmations of the said German G. Filkins, above mentioned, he, the said Artemas Brockway, then and there denied, and then and there asserted and affirmed the contrary thereof; and thereupon afterwards, on the same day and year, at the city and in the county aforesaid, in consideration that the said German G. Filkins, at the special instance and request of the said Artemas Brockway, had then and there paid to the said Artemas Brockway the sum of 500 dollars, he, the said Artemas Brockway then and there undertook and faithfully promised the said German G. Filkins to pay him, the said German G. Filkins, the sum of 500 dollars, if the said bond and warrant of attorney and

judgment first above mentioned were made, executed or created, or either of them was made, executed or created by the said Ephraim Brockway, without a consideration *bona fide* paid or made to the said Ephraim Brockway for the same, to the amount specified in the condition of said bond, or if the said bond and warrant of attorney were fraudulently made and executed by the said Ephraim Brockway to the said Artemas Brockway, or fraudulently taken or accepted by said Artemas Brockway, in order to defraud the said German G. Filkins, and to prevent the obtaining and collecting by the said German G. Filkins, of the amount of said verdict, or of the judgment above mentioned in favor of the said German G. Filkins against the said Ephraim Brockway, or if the said judgment first above mentioned was fraudulently entered or placed on the records of the said Court, in order to defraud the said German G. Filkins, and to prevent the obtaining and collecting by the said German G. Filkins of the amount of the judgment or verdict above mentioned, in favor of the said German G. Filkins against the said Ephraim Brockway, or any part of said judgment and verdict last mentioned; and the said German G. Filkins, in fact, saith that the said bond and warrant of attorney and judgment first above mentioned, were made, executed or created by the said Ephraim Brockway, without a consideration *bona fide* paid or made to the said Ephraim Brockway for the same, to the amount specified in the condition of said bond, and that the said bond and warrant of attorney were fraudulently made and executed by the said Ephraim Brockway to the said Artemas Brockway, and fraudulently taken and accepted by the said Artemas Brockway in order to defraud the said German G. Filkins, and to prevent the obtaining and collecting by the said German G. Filkins of the amount of said verdict and of the judgment above mentioned in favor of the said German G. Filkins against the said Ephraim Brockway, and that the said judgment first above mentioned was fraudulently entered and placed on the records of said Court, in order to defraud the said German G. Filkins, and to prevent the obtaining and collecting by the said German G. Filkins of the amount of the judgment or verdict above mentioned in favor of the said German G. Filkins against the said Ephraim Brockway, or some part of said judgment and verdict and judgment last mentioned, to wit, at the city of Albany and in the county of Albany aforesaid; whereof the said Artemas Brockway afterwards, to wit, on the day and year and at the place last aforesaid, had notice, whereby he, the said Artemas Brockway, then and there became liable to pay and ought to have paid to the said German G. Filkins the said sum of $500; yet the said Artemas Brockway not regarding his said promise and undertaking, but contriving and fraudulently intending, craftily and subtly to deceive and defraud the said German G. Filkins in this behalf, hath not as yet paid the said sum of 500 dollars or any part thereof to him, the said German G. Filkins, (although often requested so to do) but hath hitherto wholly neglected and refused, and still neglects and refuses so to do, to the damage of the said German G. Filkins of 500 dollars, and therefore he brings suit, &c. And the said Artemas Brockway, by Plea.

Morey
v.
Shearer.

Welcome Esleeck, his attorney, comes and defends the wrong and injury, when, &c., and says that the said German G. Filkins ought not to have or maintain his aforesaid action thereof against him, because he says that though true it is, that the said discourse was had and moved by and between the said German G. Filkins and the said Artemas Brockway, wherein the said questions did arise as aforesaid, and that he, the said Artemas Brockway, did undertake and promise in manner and form, as the said German G. Filkins hath above in that behalf alleged. Nevertheless, for plea in this behalf, the said Artemas Brockway saith that the said bond and warrant of attorney and judgment first above mentioned were not made, executed or created, nor were either of them made, executed or created by the said Ephraim Brockway, without a consideration *bona fide* paid or made to the said Ephraim Brockway for the same, to the amount specified in the condition of the said bond; and that the said bond and warrant of attorney were not fraudulently made and executed by the said Ephraim Brockway to the said Artemas Brockway, nor fraudulently taken and accepted by the said Artemas Brockway, in order to defraud the said German G. Filkins, and to prevent the obtaining and collecting by the said German G. Filkins of the amount of said verdict nor of the judgment above mentioned in favor of the said German G. Filkins against the said Ephraim Brockway; and that the said judgment first above mentioned was not fraudulently entered or placed on the records of said Court, in order to defraud the said German G. Filkins, and to prevent the obtaining and collecting by the said German G. Filkins of the amount of the judgment or verdict above mentioned in favor of the said German G. Filkins against the said Ephraim Brockway, nor of any part of said judgment and verdict last mentioned in manner and form as the said German G. Filkins hath above in that behalf alleged; and of this the said Artemas Brockway puts himself upon the country, and the said German G. Filkins doth the like, &c. Therefore let a jury, &c. [*continuances by vice comes non misit breve to Oct. term*, 1823,] unless some one of our Circuit Judges shall first come according to the statute in such case made and provided, at a Circuit Court to be holden at the capitol aforesaid, in and for the city and county of Albany, on the 6th day of October next, by whom, &c. &c. the same day, &c.

Continuances

POSTEA, endorsed thereon.

Afterwards, that is to say, on the day and at the place within contained, before the Honorable William A. Duer, Esq., Circuit Judge, come as well the within named German G. Filkins as the within named Artemas Brockway, by their respective attorneys within mentioned, and the jurors, of the jury whereof mention is within made, being summoned, also come, who being chosen, tried and sworn, say upon their oath, that the said bond and warrant of attorney, and judgment first above mentioned, were made, executed and created by the said Ephraim Brockway, without a consideration *bona fide* paid or made to the said Ephraim Brockway, for the same, to the amount specified in the condition of the said bond, and that the said bond and warrant of attorney were fraudulently made and executed by the said Ephraim Brockway to the said Artemas Brockway, and were fraudulently taken and accepted by

the said Artemas, in order to defraud the said German G. Filkins, and to prevent the obtaining and collecting by the said German G. Filkins of the amount of said verdict and judgment above mentioned in favor of the said German G. Filkins, against the said Ephraim Brockway, and that the said judgment first above mentioned was fraudulently entered and placed on the records of said Court, in order to defraud the said German G. Filkins and to prevent the obtaining and collecting by the said German G. Filkins of the amount of the judgment or verdict above mentioned in favor of the said German G. Filkins against the said Ephraim Brockway, in manner and form as the said German G. Filkins hath above in that behalf alleged; and they assess the damages of the said German G. Filkins by reason of the premises over and above his costs and charges by him, about his suit in this behalf expended to six cents, and for those costs and charges to six cents.

RULE to set aside the second judgment as fraudulent.

German G. Filkins
    v.    } *October* 31, 1823.
Ephraim Brockway.

Artemas Brockway
    v.    } S. B. Ludlow, Att'y.
  The Same.

On filing the record of feigned issue ordered in the above entitled causes, with the postea thereon endorsed, together with the venire and Circuit Clerk's certified copy of the minutes of trial of said issue, and on reading and filing said postea, together with affidavit and notice, &c., and on motion of John W. Wheeler, of counsel for the above named German G. Filkins, ordered, that the judgment in the second above entitled cause and all subsequent proceedings thereon be vacated, and set aside with the costs of the application for said feigned issue, the costs of the trial of said issue and the costs of this motion to be paid by the said Artemas Brockway.